UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SMARTCLICK MEDIA LLC, a limited liability company, also d/b/a Doctor Trusted, and<br><br>ROBERT VOZDECKY, a/k/a Bill Anderson, individually and as an officer of SMARTCLICK MEDIA LLC,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.    The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), and (c)(2), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.       The FTC is an independent agency of the United States Government created by

statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

which prohibits unfair or deceptive acts or practices in or affecting commerce.

5.       The FTC is authorized to initiate federal district court proceedings, by its own

attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be

appropriate in each case, including rescission or reformation of contracts, restitution, the refund

of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b).

## DEFENDANTS

6.       Defendant SmartClick Media LLC ("SmartClick Media"), also doing business as

Doctor Trusted, is a New Jersey limited liability company with its principal place of business at

225 Grand Street, Jersey City, NJ  07302.  Doctor Trusted's corporate address is 1115

Broadway, Suite 1234, New York, NY 10010.  SmartClick Media transacts or has transacted

business in this district and throughout the United States.

7.       Defendant Robert Vozdecky, also known as Bill Anderson ("Vozdecky"), is the

president and sole member of SmartClick Media.  At all times material to this Complaint, acting

alone or in concert with others, he has formulated, directed, controlled, had the authority to

control, or participated in the acts and practices of SmartClick Media, including the acts and

practices set forth in this Complaint.  Defendant Vozdecky resides in this district and, in

connection with the matters alleged herein, transacts or has transacted business in this district

and throughout the United States.

## COMMERCE

8.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

### Doctor Trusted Seal and Certification Program

9.     Since June 2013, Defendants have advertised, offered for sale, and sold a certification service that has placed "Doctor Trusted" seals and certificates on websites that primarily offer health-related products and services.

10.     From June 2013 until at least October 2015, Defendants' Doctor Trusted seal included the words "Doctor Trusted" along with the words "click to verify" and a stamp that displayed the current date, which appeared next to the word "Active."  The seal often included a stock photo of a male or female doctor with a stethoscope in a lab coat.  A version of the seal is depicted below:



11.     For each seal, Defendants designed a pop-up window that appeared when a consumer clicked on the seal and which remained visible until the consumer clicked to close it.

3

This pop-up window displayed the Doctor Trusted certificate and included the following representations:

> Doctor Trusted.org Consumer Protection Certificate
>
> [Website name] was carefully evaluated by an independent medical doctor who reviewed its medical information, claims, products, terms of service, and policies, and has found the site to be trustworthy and safe for purchases as of the time of the review.
>
> * * *
>
> Website was found to meet the Doctor Trusted code of conduct
> ✓ Reasonable science-based health claims
> ✓ Ethical pricing and billing policy
> ✓ Fair return and refund policy
> ✓ Passed due diligence check
>
> ACTIVE AND IN GOOD STANDING AS OF [CURRENT DATE]
>
> Certificate issued on [issue date] by
> DoctorTrusted.org Consumer Protection Organization

(Exhibit A, Example of a Doctor Trusted certificate).

12.     Defendants used a freelancing website to find doctors to perform the reviews for the Doctor Trusted certification program.  Defendants recruited two doctors, both of whom specialize in family medicine, and paid them $11 to $15 per website reviewed.

13.     Defendants have advertised and sold the Doctor Trusted seal and certification program to the public throughout the United States via their website, www.doctortrusted.org ("Doctor Trusted website"), and via direct mail marketing.

14.     Defendants have marketed their certification services as a means for companies to improve their credibility and increase online sales.  For example, in letters to potential customers, Defendants have made the following representations:

4

If I told you that you could **increase your online sales at [your website]** by 10%, 20%, or even 30% overnight by inserting a few lines of code into your website, would you believe it?"

\* \* \*

What if there was a way to establish instant trust?

\* \* \*

Our service does just that by placing a Doctor Trusted seal and certificate on your website.

\* \* \*

While other seals focus on technical security, the Doctor Trusted seal is a third-party endorsement by a medical doctor that creates a much deeper level of credibility for your website.

\* \* \*

An unbiased medical doctor will review your website, check your advertising claims, and performs [sic] due diligence on your business.

\* \* \*

**Our endorsement is one of the most effective ways to increase sales with the least amount of effort.**

(Exhibit B, Letter to Business Owners).

15.    Defendants similarly have promoted the certification program on their Doctor

Trusted website:

With the Doctor Trusted™ seal, any uncertainty about your product and business is eliminated, giving visitors a new level of confidence to purchase your product.

\* \* \*

Seeing the Doctor Trusted™ seal means that the website in question:

Makes reasonable health claims

(Exhibit C, Doctor Trusted webpages).

16.     In addition to providing customers with HTML code for the placement of the Doctor Trusted seal and certificate, Defendants have encouraged customers to promote their use of the Doctor Trusted seal and certificate on their websites by, among other things, providing customers with the template of a press release to do so:

> To earn certification, {YOURCOMPANY} passed a strict application process that involves careful evaluation by a doctor of their website and any products or services offered.

(Exhibit D, Press Release Template).

17.     Contrary to the statements described above, Defendants' certification program does not involve "a strict application process," "careful evaluation by a doctor of [websites] and any products or services offered," or "check[ing] advertising claims."  Instead, the certification process consists of the recruited doctors performing a superficial examination of the language on the website in order to determine whether it comports in theory, but not actual practice, to criteria such as:  having a fair return policy, displaying customer support phone number and postal address, and utilizing SSL encryption technology to protect sensitive customer information.  The doctors performing the review neither evaluate the products and services offered nor examine whether the advertising claims for the products and services are substantiated.  In short, the doctors do not exercise medical expertise in granting the certifications.

18.     Defendants' own statements reveal that the review is cursory and does not involve an actual exercise of medical expertise; in email correspondence with one doctor, Defendant Vozdecky stated:

> We do pre-screen all websites for you to make sure we send you websites that confirm [sic] to our Doctor Trusted Code of Conduct. Your task would be to double check that the websites are conforming to our set of rules and approve the website. We have ready templates for the approval text, so you do not need to write anything.

6

Usually we would send you 10 to 15 websites once a week for an approval which should take no more than 1 hour of your time in total. Hopefully you would approve most of the websites but if you do not feel confident in approving some you would reject it and give a reason for the rejection.

19.     At all times material to this Complaint, Defendants have controlled the design, content, and format of the Doctor Trusted seals and the pop-up windows and corresponding certificates.

20.     Defendants offer two types of pricing models, a free 30-day trial as well as a standard registration.  Under the free 30-day trial option, Defendants provide customers with an invitation code that allows them to use the service free for 30 days after certification.  If customers continue the service, Defendants charge a monthly fee of $39.95.  Under the standard registration option, Defendants charge $99.95 for the first month, with a subsequent monthly fee of $39.95.  Total gross revenues from 2013 through October 2015 were approximately $575,000.

21.     As of March 2015, Defendants' Doctor Trusted seals and certificates were displayed to consumers on approximately 800 websites, including websites maintained by companies that subsequently entered into settlement agreements with the FTC for making deceptive advertising claims about their products.  *See*, *e.g.*, *Federal Trade Commission v. GetAwayGrey, LLC*, No. 2:15-cv-1990-RMG (D.S.C. filed May 13, 2015) (claiming dietary supplements would reverse gray hair); and *In re HealthyLife Sciences, LLC*, Docket No. C-4493 (F.T.C. filed Sept. 11, 2014) (claiming dietary supplements would burn fat, increase metabolism, and suppress appetite).

### Websites with Deceptive Formats

22.     Since at least 2013, Defendants have hosted the website, www.betterlivingjournal.org, a lifestyle blog that purports to provide unbiased advice and

7

information about various products, programs, health issues, scientific breakthroughs, and other services. (Exhibit E, Better Living Journal homepage).

23.     Defendants have failed to disclose in a clear and conspicuous manner that the featured articles on www.betterlivingjournal.org are not objective reports of products, programs, health issues, scientific breakthroughs, and other services, but instead are paid promotions and placements. In fact, Defendants receive commissions and other payments when consumers click on links or purchase the promoted products. Consumers only learn of the nature of these paid promotions and placements if they happen to click on inconspicuous links entitled "About Us" and "Disclosure," which are in tiny print and located at the bottom of the www.betterlivingjournal.org webpage where they are unlikely to be seen.

24.     Since at least 2009, Defendants have hosted websites, such as www.prematurecures.com and www.pheromonemen.info, which purport to objectively evaluate men's sexual performance enhancement products, to allow consumers to rate the effectiveness of these products, and to display the results of such ratings.

25.     Defendants have failed to disclose in a clear and conspicuous manner that they are not objectively evaluating these products or compiling and accurately reporting product ratings from consumers. Instead, Defendants are paid to promote the products appearing on websites including, but not limited to, www.prematurecures.com and www.pheromonemen.info, and receive commissions or other payment when consumers click on links or purchase the promoted products.

## VIOLATIONS OF THE FTC ACT

26.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

27.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I

### False or Misleading Representations about Certification Program

28.     Through the means described in Paragraphs 9 to 21, Defendants have represented, directly or indirectly, expressly or by implication, through the use and placement of Doctor Trusted seals and certificates on websites, that:

    a.     The products and services offered for sale on the websites have been evaluated by doctors applying their medical expertise;

    b.     The Doctor Trusted certification is issued by a nonprofit consumer protection organization; and

    c.     Defendants continuously monitor a website's fitness to display the Doctor Trusted seal and certificate.

29.     In fact:

    a.     The products and services offered for sale on the websites have not been evaluated by doctors applying their medical expertise;

    b.     The Doctor Trusted certification is not issued by a nonprofit consumer protection organization; and

      c.     Defendants do not continuously monitor a website's fitness to display the Doctor Trusted seal and certificate.

30.     Therefore, the making of the representations as set forth in Paragraph 28 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II

### Means and Instrumentalities

31.     Through the means described in Paragraphs 9 to 21 of this Complaint, Defendants have provided to their customers advertising and marketing materials containing, among other things, false or misleading representations, as described in Paragraph 28 of this Complaint.

32.     By providing their customers with these advertising and marketing materials, Defendants have provided their customers the means and instrumentalities for the commission of deceptive acts and practices.  Therefore, Defendants' practice described in Paragraph 31 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count III

### Misrepresentations about Websites

33.     Through the means described in Paragraphs 22 through 25 of this Complaint, Defendants have represented, expressly or by implication, that:

      a.     Defendants' website, www.betterlivingjournal.org, is an independent and objective lifestyle blog that provides unbiased advice and information about various products, programs, health issues, scientific breakthroughs, and other services; and

b.      Defendants' websites, www.prematurecures.com and www.pheromonemen.info, are independent and objective resources for information related to men's sexual performance enhancement products, which collect and display consumer ratings about the effectiveness of these products.

34.    In fact:

a.      Defendants' website, www.betterlivingjournal.org, is not an independent and objective lifestyle blog that provides unbiased advice and information about various products, programs, health issues, scientific breakthroughs, and other services; and

b.      Defendants' websites, www.prematurecures.com and www.pheromonemen.info, are not independent and objective resources for information related to men's sexual performance enhancement products, which collect and display consumer ratings about the effectiveness of these products.

35.    Therefore, the making of the representations as set forth in Paragraph 33 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count IV

## Failures to Disclose Material Connections

36.    Through the means described in Paragraphs 22 through 25 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that:

a.      Defendants' website, www.betterlivingjournal.org, is a lifestyle blog that provides advice and information about various products, programs, health issues, scientific breakthroughs, and other services; and

11

b.      Defendants' websites, www.prematurecures.com and www.pheromonemen.info, provide consumer ratings and other information related to men's sexual performance enhancement products.

37.      In numerous instances in which Defendants have made the representations set forth in Paragraph 36 of this Complaint, Defendants have failed to disclose, or disclose adequately, that Defendants receive compensation for the placement of content on these websites as well as commissions and other payments when consumers click on links or purchase the products appearing on these websites.

38.      Defendants' failure to disclose adequately the material information described in Paragraph 37 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

39.      Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

40.      Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and

remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §§ 53(b), and the Court's own equitable powers, requests that the Court:

A.     Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

B.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

C.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

Dated:  June 16, 2016

    s/ Victor F. DeFrancis
ELIZABETH A. DELANEY
VICTOR F. DEFRANCIS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, D.C. 20580
Tel.:  202-326-2903, -3495
Fax:  202-326-3259
Emails:  edelaney@ftc.gov; vdefrancis@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

13